IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**WESTERN RIVERS LIGHT AND**
**SUPPLY COMPANY, INC.**
  **PLAINTIFF,**

v.                 **Civil Action #: 1:12-cv-01289**
                      **JURY DEMAND**

**LION COUNTRY SUPPLY, INC.**
  **DEFENDANT**

## COMPLAINT

COMES NOW Western Rivers Light and Supply Company, Inc., a Tennessee corporation, (hereinafter "Plaintiff"), for their complaint against Lion Country Supply, Inc., a Pennsylvania corporation, (hereinafter "Defendant") as follows:

### PARTIES

1. Plaintiff Western Rivers Light and Supply Company, Inc. (hereinafter "Western Rivers") is a Tennessee corporation having a principal place of business at 1582 N. Broad St., Lexington, TN 38351.

2. Defendant, Lion Country Supply, Inc. (hereinafter "Lion Country") is a Pennsylvania corporation with an office and principal place of business located at Rt. 220 South, Port Matilda, PA 16870.

### JURISDICTION AND VENUE

3. This is an action for injunctive relief, damages, and profits for trademark infringement, unfair competition, dilution, and false advertising, and arises under the Trademark laws of the United States, namely, 15 U.S.C. §§ 1051 - 1127.

   This court has jurisdiction under the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

4. The unlawful acts and violations hereinafter described have occurred and are occurring within the Western District of Tennessee and the interstate trade and commerce hereinafter described is affected, in part, within the Western District of Tennessee. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. §§ 1391 and 1393.

## FACTS COMMON TO ALL COUNTS

5. Western Rivers is in the business of selling outdoor and hunting supplies of various means including dog accessories including but not limited to the trademarked item Quick Spot Vest.

6. Western Rivers is the owner of United States Trademark Registration No. 2522467 for the trademark Quick Spot used in a reflective vest for dogs

7. Exclusively since at least as early as June 2001, Western Rivers and its predecessor in interest have continuously used the Quick Spot mark for its reflective vests.

8. Western Rivers promotes its vests sold under the mark Quick Spot in print advertising and on the internet, and sells its vests under this mark through retail distributors.

9. Plaintiff's mark Quick Spot is a famous mark.

10. Defendant, with full knowledge of Plaintiff's rights in and to the QUICK SPOT mark, have intentionally adopted the trademark Quick Spot through the sale of reflective dog vests under the Quick Spot name.

11. Defendant offers reflective dog vests under the Quick Spot name, which are sold in the same channels and to the same customers as the goods identified by Plaintiff's trademark.

12. Upon information and belief, Defendant has adopted, advertised, and used the Quick Spot mark for their reflective dog vests thereby (i) trading on the goodwill and reputation of the Plaintiff; (ii) capitalizing on the investment made by Plaintiff in advertising and promoting their goods and services; and (iii) misleading the purchasing public into believing that Defendant's goods are legitimately connected with, sponsored, or approved by Plaintiff.

13. Defendant is advertising and promoting their goods in a manner calculated to call to mind the Plaintiff's mark and to create the false impression that Defendant's goods are affiliated, connected, or associated with Plaintiff or that Defendant has the sponsorship or approval of Plaintiff. The public is likely to be misled or deceived by the false impression arising from Defendant's usage of the Quick Spot name.

14. On several occasions, Plaintiff and their counsel have contacted and written to Defendant requesting that Defendant cease and desist from their infringing and unfair conduct. In their responses, Defendant has refused to cease and desist from their infringing conduct.

15. Defendant's continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception and mistake in the minds of Defendant's customers and potential customers and to trade on Plaintiff's good will by

implying a connection or relationship between Defendant's vests and the vests of Plaintiff, as a result of which Defendant have been and will be unjustly enriched.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

16. By engaging in the aforesaid acts, Defendant Lion Country has created a likelihood of confusion or mistake or deception within the meaning of 15 U.S.C. § 1114 and thus have infringed on the Federally Registered mark QUICK SPOT. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff are without an adequate remedy at law.

## COUNT II
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

17. Defendant's aforesaid acts constitute a false representation that Defendant's vests are legitimately connected with Plaintiff; constitute a false representation that Defendant's vests are sponsored or approved by Plaintiff; and are a false designation that Defendant's vests originate from Plaintiff, all of which constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT III
## FEDERAL DILUTION

19. Defendant' use of the Quick Spot name has caused and will cause dilution of the distinctive quality of the Plaintiff' mark and violates Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

20. The aforesaid acts of Lion Country were engaged in willfully with full knowledge of Plaintiff's rights in the mark and of the famous nature of the mark, and are greatly and irreparably damaging to Plaintiff unless enjoined by the Court, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT IV
## DILUTION UNDER TENNESSEE LAW

21. Defendant's use of the Quick Spot name has caused and will cause dilution of the distinctive quality of the Plaintiff's mark and violates Tenn. Code Ann. §47-25-513.

22. The aforesaid acts of Lion Country were engaged in willfully with full knowledge of Plaintiff's rights in the mark and of the famous nature of the marks, and are greatly and irreparably damaging to Plaintiff unless enjoined by the Court, as a result of which Plaintiff are without an adequate remedy at law.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

23. The aforesaid acts of Lion Country are likely to cause confusion, mistake, or deceive the purchasing public as to the source, origin, or affiliation of the goods sold by Defendant with those sold by Plaintiff all in violation of Plaintiff's trademark rights under the common law.

## COUNT VI
## UNFAIR OR DECEPTIVE TRADE PRACTICES

24. Defendant's aforesaid acts constitute deceptive trade practices within the meaning of Tenn. Code Ann. §47-18-104.

25. The aforesaid acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays:

a) That Lion Country Supply, Inc., their agents, assigns, and all other persons acting in concert with them, be preliminarily and permanently enjoined from using the trademark QUICK SPOT, or any other confusingly similar mark, in connection with the advertising, sale, or other distribution of high visibility reflective dog vests by any means.

b) That Plaintiff recover all actual damages sustained by virtue of Defendant' use of the mark QUICK SPOT.

c) That the Defendant' use of the mark QUICK SPOT be found to be willful violations of Plaintiff' rights.

d) That Plaintiff' recover all profits derived by Defendant as a result of their trademark infringement, trademark dilution, unfair trade practices, and unfair competition.

e) That any award to Plaintiff be trebled.

f) That Defendant be ordered to deliver up for destruction all labels, signs, prints, insignia, brochures, and any other written or recorded material or advertisements in their

possession or control containing the Quick Spot name or any colorable imitation of the Quick Spot name.

g) That Plaintiff recovers their costs and attorney's fees in this Action pursuant to 15 U.S.C. 1117.

h) That Plaintiff have such other and further relief as the Court deems just and equitable.

**Plaintiff respectfully demand a Jury at the trial of this action.**

RESPECTFULLY SUBMITTED,

/s/ Chadwick R. Wood /s/
Chadwick R. Wood (#021766)
Attorney for Western Rivers
Light and Supply Company, Inc.
27 N. Broad St.
Lexington, TN 38351
(731) 602-5190
chad.wood@chadwoodlaw.com